**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2931
_____

CORNELIUS CARTER,
                                        Appellant

v.

MR. HEGGANSTALLER, Corrections Officer;
MR. BECKER, Corrections Officer;
MR. LITTLE, Corrections Officer

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-14-cv-00627)
District Judge:  Honorable Yvette Kane

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 18, 2014

Before:  FISHER, SHWARTZ and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Filed: December 30, 2014)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Cornelius Carter, a state prisoner proceeding pro se, appeals from an order of the District Court dismissing his complaint. For the reasons set forth below, we will summarily affirm the judgment of the District Court.

Carter filed a 42 U.S.C. § 1983 action in the District Court in April 2014 alleging that his rights under the Eighth Amendment were violated by the Defendants during an incident that occurred while he was in custody at the York County Prison in Pennsylvania. Carter alleged that he was abruptly awakened and suffered emotional distress when correctional officers opened the door of his cell in the early morning hours of July 16, 2013, to permit another inmate to use the toilet in his cell.

The District Court dismissed Carter's complaint for failure to state an Eighth Amendment claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), observing that there are no allegations that Carter's exposure to the alleged incident caused him any serious or significant harm. Carter appeals.

We have jurisdiction under 28 U.S.C. § 1291.[1] Our review is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Upon review, we will summarily affirm because no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[1] Carter's Notice of Appeal was filed in a timely fashion pursuant to the District Court's grant of his motion for extension of time in accordance with Fed. R. App. P. 4(a)(5)(A).

We agree with the District Court that Carter's complaint fails to set forth a viable Eighth Amendment claim. As the District Court observed, although allowing another inmate to use the toilet in his cell during the early morning hours may have startled Carter, there are no allegations demonstrating that his exposure to this incident caused him any serious or significant harm or that Defendants acted with deliberate indifference to a substantial risk of such harm.[2] See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Finally, as it is clear that amendment of the complaint would have been futile, the District Court need not have afforded Carter leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

As the appeal presents no substantial issues, we will summarily affirm the judgment of the District Court.

---

[2] Carter's document in support of appeal in this Court appears to allege for the first time that the July 16, 2013 incident occurred in retaliation for a grievance Carter had earlier submitted to prison officials. To the extent that Carter raises new claims here, we note that we do not ordinarily entertain arguments raised for the first time on appeal. See Brown v. Philip Morris, Inc., 250 F.3d 789, 799 (3d Cir. 2001). In any event, the adverse action he alleges as the retaliatory act – allowing a fellow prisoner into his cell to use the toilet – is not so severe as to "deter a person of ordinary firmness from exercising his [constitutional] rights." See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).